EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Roberto Vigoreaux Lorenzana<br>Luis A. Vigoreaux Lorenzana<br>    Peticionarios<br><br>    v.<br><br>Junta de Libertad Bajo Palabra<br>    Recurridos<br><br>Lydia Echevarria<br>    Convicta | Mandamus<br><br>2000 TSPR 16 |

Número del Caso: MD-2000-1

Fecha: 1/02/2000

Abogados de la Parte Peticionaria: Lcdo. Miguel A. Maza
                                   Lcdo. Juan Carlos Morales

Materia: Derecho Administrativo


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Roberto Vigoreaux Lorenzana
Luis A. Vigoreaux Lorenzana
      Peticionarios

           v.

                                    MD-2000-1

Junta de Libertad Bajo Palabra
Constituida por: Lcdo. Enrique
García García y otros
      Peticionados

Lydia Echevarría
      Convicta


RESOLUCIÓN


San Juan, Puerto Rico, a 1 de febrero de 2000


        A la anterior petición de <u>mandamus</u> en jurisdicción original, no ha lugar.

        En este recurso los peticionarios, hermanos Vigoreaux Lorenzana nos solicitan en jurisdicción original que ordenemos, entre otros, a la Junta de Libertad Bajo Palabra a proveer un inventario de la documentación que obra en el expediente y que autorice el acceso a los documentos médicos, psiquiátricos, psicológicos y de rehabilitación de la Sra. Lydia Echevarría Rodríguez que forman parte del expediente objeto de consideración ante dicha Junta.

        Independientemente de si este recurso de <u>Mandamus</u> cumple o no con los requisitos necesarios para discrecionalmente ejercitar nuestra jurisdicción, el mismo se ha tornado **académico** con la decisión de la Junta al concederle libertad a la Sra. Echevarría Rodríguez.

        Este dictamen es sin menoscabo de que la decisión de la Junta, como agencia administrativa, pueda ser objeto de revisión ante el Tribunal de Circuito de Apelaciones.

        Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri emitió un Voto Disidente por separado. El Juez Asociado señor Hernández Denton no intervino.


                    Isabel Llompart Zeno
                Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Roberto Vigoreaux Lorenzana
Luis A. Vigoreaux Lorenzana
     Peticionarios

        vs.

Junta de Libertad Bajo Palabra,      MD-2000-1
Etc.
     Demandados

Lydia Echevarría
     Convicta


Voto Disidente del Juez Asociado señor FUSTER BERLINGERI.


San Juan, Puerto Rico, a 1ro. de febrero de 2000.


Debo disentir del dictamen de la mayoría en este caso. El asunto que nos han planteado los peticionarios Vigoreaux ha debido ser resuelto por este Tribunal a la brevedad posible, y este Foro tenía plena facultad para hacerlo.

El asunto que ha estado pendiente ante nuestra consideración **NO ES** si Lydia Echevarría debe ser puesta en libertad bajo palabra o no. Tal cuestión no nos concierne aquí.

Más bien, lo que sí nos atañe es la importante cuestión **procesal** de si los peticionarios tenían derecho a recibir determinada información de la Junta de Libertad Bajo Palabra para poder participar debidamente en los procedimientos de esa Junta relativos a este caso.

La cuestión procesal referida sobre el derecho a información de una **víctima** estuvo ante nos recientemente en el pleito que sostuvo la señora Angueira Navarro contra la Junta de Libertad Bajo Palabra. Aparentemente lo que resolvimos en dicho caso **no quedó claro** porque la controversia se ha suscitado otra vez en la petición de los hermanos Vigoreaux que la Junta ha desatendido en este caso. Es por ello que opino, contrario a lo que sostiene la mayoría de este Tribunal, **que teníamos la responsabilidad de aclarar este asunto de una vez en este caso**. Seguramente la referida controversia entre una víctima y la Junta de Libertad Bajo Palabra ha de ocurrir nuevamente, y **nos compete evitar que ello continúe sucediendo en otros casos**.

Aunque la Junta de Libertad Bajo Palabra ya emitió su decisión en el caso de autos, ello no nos ha debido impedir de atender y resolver el planteamiento de los peticionarios. Ello es así por dos razones importantes. En primer lugar, la propia mayoría del Tribunal reconoce en su Resolución que la festinada decisión de la Junta en este caso puede ser impugnada por el peticionario ante el Tribunal de Circuito de Apelaciones. Ello significa que la controversia sigue viva. No se ha esfumado judicialmente. No es académica si aún es impugnable en el foro apelativo. Allí tendrá que considerarse el alcance y significado de nuestra reciente decisión en Angueira Navarro v. Jta. de Libertad Bajo Palabra, infra. Pero, resulta que **tal labor sólo la puede hacer de modo definitivo este Tribunal, sobre todo si es necesario aclarar lo que allí resolvimos**. Vista la urgencia que tiene este asunto, no es conveniente a las partes tener que recurrir al foro apelativo, para luego volver ante nos. Hemos podido y hemos debido obviar la pérdida de tiempo, de esfuerzos, de recursos judiciales y la incertidumbre pública que ese curso de acción acarrea. **No le conviene a nadie que este asunto continúe ventilándose de tribunal en tribunal, demorándose así su solución definitiva**.

En segundo lugar, este Tribunal tiene bien establecida la doctrina de que si un caso se torna académico, pero su asunto es susceptible de

repetición sin dilucidación judicial, tenemos jurisdicción para considerarlo. Se trata de una de las **excepciones** a la norma de **pleito académico**, que existe para evitar que asuntos importantes queden sin resolverse porque la controversia concreta termina mientras el caso está pendiente del trámite judicial. C.E.E. v. Depto. de Estado, 134 D.P.R. 927, 935-936 (1993). La excepción referida existe precisamente para atender situaciones como la de este caso, en el cual el asunto ante nos se ha de tornar académico siempre debido a que la Junta, de manera festinada, resuelve dicho asunto antes de que nosotros lo hayamos podido resolver.

En resumen, pues, teníamos jurisdicción para atender el planteamiento de los peticionarios, y hemos debido resolverlo.

Paso ahora a atender dicho planteamiento, como creo que este Foro debió hacerlo.

Nuestra reciente opinión en Angueira Navarro v. Junta de Libertad Bajo Palabra, del 11 de enero de 2000, ___ D.P.R. ___, 2000 TSPR 2, 2000 JTS 1, en la cual interpretamos la Carta de Derechos de las Víctimas y Testigos de Delitos, Ley Núm. 22 de 22 de abril de 1988, 25 L.P.R.A. 973 ed seq., hace clara referencia al mandato legislativo mediante el cual se estableció para las víctimas de delitos el **derecho** a una **participación activa** en los procedimientos para la concesión o negación del privilegio a la libertad bajo palabra a un convicto celebrados ante la Junta de Libertad Bajo Palabra.

En el citado caso reconocimos también que el referido derecho de la víctima a opinar y participar activamente en los procedimientos aludidos apareja un **derecho de información** que haga posible la **integración activa** de la víctima en tales procedimientos. A tal efecto, señalamos que:

> Precisamente, aquí quien solicita la información es la víctima de delito con el único propósito de emitir una *"opinión"* informada sobre la determinación de la concesión del privilegio de libertad bajo palabra a uno de sus ofensores. Ese trámite, conforme el Art. 7 de la Ley, está *"directamente relacionado con la administración de la justicia"* en un caso criminal. Por ello, la divulgación de

tal información debe considerarse y permitirse. Negarle a la víctima el acceso al expediente de su ofensor significaría que la Asamblea Legislativa reconoció sólo **proforma** el derecho a opinar, pues, sustancial y prácticamente le haría imposible ejercerlo informada y adecuadamente. **Carecería de sentido espiritual y pragmático esta importante legislación.**

**<u>Estos pronunciamientos nuestros no son de naturaleza exhortativa</u>**. Más bien, constituyen nuestra vinculante interpretación del significado y del alcance del estatuto en cuestión, por lo que forman parte de lo que preceptúa dicho estatuto.

El mandato legislativo a la Junta de Libertad Bajo Palabra que surge del estatuto referido según lo hemos interpretado <u>**constituye un deber ministerial de ésta de permitir a la víctima el acceso a los documentos que forman parte de sus expedientes**</u>.

Es cierto que en <u>Angueira Navarro v. Junta de Libertad Bajo Palabra</u>, <u>supra</u>, reconocimos que dicho derecho de información no es irrestricto. Ello, sin embargo, de modo alguno significa que la Junta de Libertad Bajo Palabra no tenga un **deber** de permitirle a la víctima el acceso a la información correspondiente. Sólo significa que al ordenarle a dicha Junta que cumpla con su deber ministerial, debemos emitir a la vez **"una orden protectora... permanente, so pena de desacato, para asegurar que no se revelen las fuentes de información y las víctimas se comprometan a utilizar la información exclusivamente para el fin reclamado, no la divulgación pública".**

En vista de lo anterior, es claro en derecho que la Junta está sujeta a un deber ministerial de proveer información. De otro modo se le restaría sentido y utilidad a nuestra decisión en <u>Angueira Navarro v. Junta de Libertad Bajo Palabra</u>, <u>supra</u>. Si dicha decisión sólo significase que la Junta no está obligada a acatar el mandato legislativo sin que medie una orden judicial que este Foro supuestamente no pueda emitir en Mandamus, entonces hicimos un ejercicio fútil al emitirla.

En resumen, pues, entiendo que este Tribunal tenía la autoridad para expedir el recurso ante nos en este caso, y ordenarle a la Junta

de Libertad Bajo Palabra que permitiese el acceso a la información que solicitaron los peticionarios, a la vez que ordenábamos a éstos, so pena de desacato, a mantener la confidencialidad de la información contenida en el expediente.


JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO