EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Katherine Angueira Navarro<br>        Peticionaria<br><br>               v.<br><br>Junta de Libertad Bajo Palabra; Enrique García, Presidente; Héctor Martínez y otros<br>        Recurridos<br><br>Convicto Agapito Pérez Cruz<br>Confinado Núm. 7-74521 | Certiorari<br><br>2000 TSPR 103 |

Número del Caso: CC-1999-0240

Fecha: 29/junio/2000

Tribunal de Circuito de Apelaciones:  Circuito Regional I

Juez Ponente: Hon. Feliciano Acevedo

Abogados de la Parte Peticionaria: Por Derecho Propio

Materia: Revisión de Decisión Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Katherine Angueira Navarro

    Peticionaria

       v.

| | | |
|---|---|---|
| Junta de Libertad Bajo Palabra; Enrique García, Presidente; Héctor Martínez y otros | CC-1999-240 | Certiorari |

    Recurridos

Convicto Agapito Pérez Cruz
Confinado Núm. 7-74521

PER CURIAM
(En reconsideración)

San Juan, Puerto Rico, a 29 de junio de 2000

I

Al amparo de nuestra decisión en este recurso del 11 de enero de 2000, 2000 TSPR 2, la peticionaria Katherine Angueira Navarro acudió a la Junta de Libertad Bajo Palabra "para examinar, en primera instancia, los expedientes psicológicos, psiquiátricos y aquella documentación relacionada con la salud mental, entre otros, que arrojen luz sobre la alegada rehabilitación" del liberado Agapito Pérez Cruz.

La Junta puso a su disposición el expediente del confinado, "con excepción de los informes médicos que contiene el mismo y el nombre de terceras personas que aportaron información en carácter confidencial o

su contenido si es posible descubrir por la información, cuál fue la persona que la proveyó." Justificó su negativa argumentando que el acceso a la documentación no era irrestricto y los informes sicológicos y siquiátricos de las diversas entidades evaluativas (Negociado de Evaluación y Asesoramiento, Servicios de Salud Mental Correccional y Hospital Correccional Forense Siquiátrico) mantenían su carácter confidencial, bajo el Código de Salud Mental,[1] hasta que **mediara orden judicial** o autorización escrita del confinado.

Insatisfecha, Angueira Navarro vino ante nos solicitando, en cumplimiento de Sentencia, que ordenemos a la Junta darle acceso al expediente completo del liberado Pérez Cruz, incluyendo los informes médicos, siquiátricos, sicológicos y los resultados de las pruebas mandatorias del Virus de Imunodeficiencia Humana (VIH). Pidió además, que la Junta preparase un inventario de "todos los documentos que han formado, forman y/o formarán parte del expediente" y nos lo eleve. Finalmente, en la alternativa, solicitó que, de entender que la negativa de la Junta respondió a una interpretación adecuada de nuestra decisión anterior, acogiéramos su escrito como una reconsideración.

Con el beneficio de la comparecencia de ambas partes, por ser oportuna, reconsideramos.

---

[1] Ley Núm. 116 del 12 de junio de 1980, Art. III-2 (3-202), 24 L.P.R.A. sec. 5003.

## II

Se recordará que nuestra decisión estuvo inspirada en darle sustancia y significado al "derecho de una víctima de delito" a emitir una opinión informada sobre la concesión o denegatoria de libertad bajo palabra a su victimario. Caracterizamos como necesario tener acceso amplio al expediente del ofensor. Sostuvimos, a esos efectos, que el reclamo de confidencialidad del Estado sobre dicho expediente admitía ciertas excepciones, entre las que figuraba el derecho de la víctima a informarse adecuadamente de los datos allí contenidos.

Como resultado, nuestro mandato a la Junta tuvo el propósito remedial de facilitar a Angueira Navarro los documentos del expediente de Agapito Pérez Cruz, salvo aquellos considerados confidenciales a tenor con el Código de Salud Mental. Sujetamos su alcance a una orden protectora permanente para limitar su uso exclusivo a la intervención y trámite ante la Junta.

## III

En su proyección remedial, la reconsideración de Angueira Navarro nos ha convencido de que el remedio quedó trunco. Su eficacia plena exige que ordenemos a la Junta que permita examinar <u>todos los documentos que la Junta tomó o pudo haber tomado en consideración</u>. Como víctima su derecho a opinar sobre la decisión de la Junta debe extenderse a todos los aspectos relacionados con la

rehabilitación del confinado, incluso los médicos, siquiátricos y sicológicos.

Esta conclusión se funda en el texto crucial del Art. 3-A de la Ley Núm. 90 de 27 de julio de 1995 (4 L.P.R.A. sec. 1503a), que reza:

> "En aquellos procedimientos que se celebren con motivo de la concesión o modificación del privilegio a la libertad bajo palabra, y en la vista final para su revocación se garantizará a la víctima del delito por el cual fue convicto el liberado o la persona recluida, los siguientes derechos:
>
> > (1) Comparecer, ya sea oralmente o por escrito, para presentar ante la Junta su opinión sobre:
> >
> > > (a) La determinación que en su momento deba tomarse con relación al beneficio del privilegio, y
> > >
> > > (b) el impacto económico, emocional o físico que ha causado la comisión del delito sobre la víctima y su familia.
> >
> > (2) Estar presente como observador en la vista.
> >
> > (3) Mediante solicitud al efecto, testificar en la vista en ausencia del liberado o confinado."

No se cuestiona seriamente que la comparecencia de la víctima del delito, al versar sobre la posible determinación de la Junta de conceder o denegar el privilegio de liberación del confinado, **tiene que ser informada**. Como sostuvimos previamente, "[e]se trámite, conforme el Art. 7 de la Ley, está 'directamente relacionado con la administración de la justicia' en un caso criminal. Por ello, la divulgación de tal información

debe considerarse y permitirse. Negarle a la víctima el acceso al expediente de su ofensor significaría que la Asamblea Legislativa reconoció sólo pro-forma el derecho a opinar, pues, sustancial y prácticamente le haría imposible ejercerlo informada y adecuadamente. **Carecería de sentido espiritual y pragmático esta importante legislación.**" Angueira Navarro v. JLBP, supra. (énfasis en original)

Los documentos específicos que han de ponerse a disposición de la víctima tienen que corresponder con los que tiene o puede tener a su disposición la Junta al momento de tomar su decisión. Así los detalla el Art. IX de su Reglamento:

> ARTÍCULO IX: DOCUMENTACIÓN A CONSIDERARSE PARA LA DETERMINACIÓN SOBRE LA SOLICITUD DE LIBERTAD BAJO PALABRA
>
> Al considerar un caso para libertad bajo palabra la Junta tendrá ante si los siguientes documentos:

A. **La totalidad del expediente penal y social del confinado.**

B. La hoja de liquidación de sentencia(s) que cumple el confinado.

C. El informe de corroboración sometido por la Administración de Corrección, incluyendo los siguientes datos:

  1. Verificación de residencia fija o alternada.

  2. Idoneidad del amigo y consejero.

  3. Oferta de empleo o plan de estudio.

  4. **Tratamiento para condiciones de salud, tales como adicción a drogas, alcoholismo, salud mental o física, o combinación de cualquiera de ellas.**

5. Naturaleza y circunstancias del delito o los delitos por los cuales cumple sentencia.

6. **Historial social, médico psicológico y psiquiátrico del confinado.**

7. **Actitud del perjudicado y su familia.**

8. Actitud de la comunidad donde va a residir el confinado de serle concedida su solicitud favorablemente.

9. **Historial de ajuste institucional.**

10. Evaluación total del expediente del caso.

Es evidente pues, que la Junta puede —y debe, en casos como el que nos ocupa— considerar la evaluación médica, sicológica y siquiátrica de un confinado al examinar si le otorga el privilegio de libertad bajo palabra. Decimos "debe" pues, a los efectos de la disponibilidad del expediente, la medida ("test") real determinante no es si la Junta discrecional y efectivamente utilizó alguno o todos los documentos, resúmenes o informes complementarios en su decisión. Lo importante es, desde el punto de vista de la víctima, el ejercicio subsiguiente de su derecho a opinar. De lo contrario la Junta, al no tomar en cuenta todos los documentos, estaría restringiéndole información y, con ello, el valor de su comparecencia. **Todos los documentos mencionados en el Artículo IX del Reglamento de la Junta deben estar accesibles a la víctima; en sus manos se le da sustantividad plena al derecho a expresar su opinión. Lógicamente, la opción de la Junta de considerar o**

**no un informe forma parte de la evaluación y cuestionamiento.**

IV

En consecuencia, vía reconsideración, procede, a los fines de declarar el alcance y determinación de confidencialidad sobre los documentos de índole médica que figuran en el expediente del confinado (Parte IV, Opinión del 11 de enero de 2000), ordenamos a la Junta de Libertad Bajo Palabra facilitarle a Angueira Navarro todos los documentos que figuren en el expediente de Agapito Pérez Cruz, incluyendo, pero sin limitarse, a los médicos, sicológicos y siquiátricos y a aquellos otros que correspondan a los mencionados en el Art. IX del Reglamento de la Junta.

Reiteramos, no obstante, que dicha orden **"[c]onlleva también una orden protectora judicial permanente, so pena de desacato, para asegurar que no se revelen las fuentes de información y las víctimas se comprometan a utilizar la información exclusivamente para el fin reclamado, no la divulgación pública."**

Se concede a la Sra. Angueira Navarro un nuevo término de veinte (20) días, a partir de la fecha en que concluya el examen de estos documentos para presentar, si así lo estima necesario, una moción de reconsideración ante la Junta exponiendo su opinión informada sobre la solicitud de libertad bajo palabra presentada por Pérez Cruz. En el ejercicio de la discreción que le confiere la Ley, la Junta

decidirá los méritos de dicha moción mediante la correspondiente resolución.

Se dictará la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Katherine Angueira Navarro

    Peticionaria

       v.

Junta de Libertad Bajo        CC-1999-240    Certiorari
Palabra; Enrique García,
Presidente; Héctor
Martínez y otros

    Recurridos

Convicto Agapito Pérez Cruz
Confinado Núm. 7-74521

SENTENCIA

San Juan, Puerto Rico, a 29 de junio de 2000

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se ordena a la Junta de Libertad Bajo Palabra facilitarle a Angueira Navarro todos los documentos que figuren en el expediente de Agapito Pérez Cruz, incluyendo, pero sin limitarse, a los médicos, sicológicos y siquiátricos y a aquellos otros que correspondan a los mencionados en el Art. IX del Reglamento de la Junta.

Se concede a la Sra. Angueira Navarro un nuevo término de veinte (20) días, a partir de la fecha en que concluya el examen de estos documentos para presentar, si así lo estima necesario, una moción de reconsideración ante la Junta exponiendo su opinión informada sobre la solicitud de libertad bajo palabra presentada por Pérez Cruz. En el ejercicio de la discreción que le confiere la Ley, la Junta decidirá los méritos de dicha moción mediante la correspondiente resolución.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri emitió Opinión de Conformidad. La Jueza Asociada señora Naveira de Rodón concurre en el resultado sin opinión escrita.

                  Isabel Llompart Zeno
                  Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO**Error! Bookmark not defined.**

Katherine Angueira Navarro
      Peticionaria

              vs.

Junta de Libertad Bajo Palabra;
Enrique García, Presidente;          CC-1999-240        Certiorari
Héctor Martínez y Otros
      Recurridos

Convicto Agapito Pérez Cruz
Confinado Núm. 7-74521

Opinión de Conformidad emitida por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 29 de junio de 2000.

Una mayoría del Tribunal al fin aclara y extiende el alcance de lo que establecimos en nuestra opinión anterior en el caso de autos, de 11 de enero de 2000. De este modo no queda duda alguna del amplio derecho que tienen las víctimas de delitos a una participación activa e informada en los procedimientos para la concesión o negación del privilegio a la libertad bajo palabra a los convictos de los delitos en cuestión.

Tuvimos antes la oportunidad de hacer la aclaración que hoy formulamos, en el caso reciente de Vigoreaux v. Junta de Libertad Bajo Palabra, del 1ro. de febrero de 2000. La mayoría del Tribunal no actuó entonces como hoy lo hace, afectando adversamente así los derechos del peticionario en dicho caso. Por ello **disentí** en esa ocasión de la decisión de la mayoría.

Hoy se rectifica ese error, al menos en lo doctrinal, con lo que se valida el decir de que "más vale tarde que nunca".

A partir de hoy queda claro que el referido derecho de las víctimas de delitos se extiende a todo el expediente de su ofensor. No es lícito ya que la Junta de Libertad Bajo Palabra continúe arrastrando los pies con respecto a las solicitudes de información pertinente que formulen las víctimas de delitos en los procedimientos en cuestión. Nuestro criterio anterior ha prevalecido, por lo que me place poder emitir un voto de conformidad con respecto a este nuevo dictamen del foro.


JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO